**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Juan Carlos Garcia Huato, Individually and On Behalf of Others Similarly Situated<br>　　Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-2855 |
| Delfino Zacarias-Chable, Individually and d/b/a B. Erectors & Fabricators,<br>　　Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Delfino Zacarias-Chable, who does business under the assumed trade name of B. Erectors & Fabricators ("Defendant") has a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows him to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Juan Carlos Garcia Huato ("Huato" or "Plaintiff") is one of the workers hired by Defendant as an hourly employee and not paid overtime pay and brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.　　Huato worked for Defendant as a welder from May of 2019 until August of 2022. Plaintiff's duties included, but were not limited to, welding metal structures for gas stations and hospitals.

2. During the time he worked for the Defendant, Plaintiff regularly worked in excess of 40 hours per week.

3. Defendant paid Huato on an hourly basis. Defendant did not pay Huato an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Defendant paid Huato the same hourly rate for all the hours he worked ("straight time").

4. Huato worked with other individuals who were paid on an hourly basis to perform welding-related work. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendant also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

### Allegations Regarding FLSA Coverage

5. Defendant is a sole proprietorship that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000

(exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

10. Defendant was legally required to pay Huato and similarly situated welders and welding related workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

11. Huato worked over 40 hours in many workweeks that he worked for Defendant.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendant.

13. Defendant did not pay Huato time-and-a-half for any of the overtime hours that he worked for the Defendant. Defendant's underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other welding contractors that pay their employees all of the money required by law.

14. The Defendant knowingly, willfully, or with reckless disregard carried out his illegal pattern or practice regarding overtime compensation with respect to Huato and the Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

15. Defendant violated the FLSA by failing to pay Huato overtime pay for hours worked over 40 per workweek.

16. Huato has suffered damages as a direct result of Defendant's illegal actions.

17. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

### Collective Action Allegations

18. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying welding workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

19. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendant Delfino Zacarias-Chable, d/b/a B. Erectors & Fabricators doing welding-related work (no matter their specific title) who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

20. The Court should order the Defendant to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

21. Defendant Delfino Zacrias-Chable, d/b/a B. Erectors & Fabricators is a sole proprietorship and an "employer" of Plaintiff as defined by the FLSA. Defendant may be served at 10004 Mesa Dr., Houston, Texas 77078, or at his home address of 2511 Wentworth Lane, Pasadena, Texas 77506, or wherever he may be found.

22. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district.

## Demand for Jury

23. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing welding-related work who are/were employed by and paid on an hourly basis by Defendant Delfino Zacarias-Chable, d/b/a B. Erectors & Fabricators during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JUAN CARLOS GARCIA HUATO**