# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Juan Carlos Garcia Huato, Individually and On Behalf of Others Similarly Situated <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-2855 |
| Delfino Zacarias-Chable, Individually and d/b/a B. Erectors & Fabricators, <br>     Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
## AND MOTION FOR DEFAULT JUDGMENT

Plaintiff Juan Carlos Garcia Huato files his motion for default judgment against Defendant Delfino Zacarias-Chable, Individually and d/b/a B. Erectors & Fabricators ("Defendant"):

## INTRODUCTION

1. This is a suit to recover unpaid overtime pay and unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff served Delfino Zacarias-Chable, Individually and d/b/a B. Erectors & Fabricators with process on August 30, 2022. Defendant's answer was due on September 20, 2022.[1] No answer has been filed and Plaintiff thus seeks a default judgment against the Defendant.

3. The Court previously entered an order of default against the Defendant.[2]

---

[1] The executed return of service for the Defendant is filed with the Court as Document 7.

[2] Dkt. 10.

## PLAINTIFF'S DAMAGES

### *Unpaid Wages*

4. Plaintiff claims overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage, overtime and child labor protections.

5. In pertinent part, the FLSA requires employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Specifically, pursuant to the FLSA, no employer shall employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1).

6. Plaintiff Juan Carlos Garcia Huato is a former employee of Defendant, and his declaration is being filed with this motion as Exhibit 1.

7. In his declaration, Huato states that he worked for the Defendant from May of 2019 until September 13, 2022, for a total of approximately 150 weeks within the 3-year limitations period. Huato Decl. at ¶3. Mr. Huato states that he worked for the Defendant welding metal structures for gas stations and hospitals, and that he was paid on an hourly basis at a rate of $18.00 per hour. Huato Decl. at ¶4.

8. Huato further declares that he generally worked Monday through Friday, 10 hours per day and 9 hours per day on Saturdays, for a total of approximately 59 hours per week. Huato Decl. at ¶4.

9. Defendant paid Huato $18.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Huato Decl. at ¶4.

10. Hourly workers are owed overtime pay based on a "time-and-a-half" calculation. For each hour over 40 in a workweek that Huato was paid $18.00, he is owed an additional $9.00 in overtime premium for that hour.

11. Thus, his overtime for an average week is:

$$(59 \text{ hours worked} - 40) \times \$18.00/2$$
$$19 \text{ (Overtime Hours)} \times \$9.00 =$$
$$\$171.00 \text{ (Weekly Damages in Average Weeks)}$$

12. Defendant owes Huato in half-time overtime:

$$150 \text{ weeks} \times \$171.00 \text{ per week} = \mathbf{\$25{,}650.00}$$

### ***Liquidated Damages***

13. In addition to his unpaid wages, Huato seeks an additional equal amount of liquidated, or "double" damages as allowed under the FLSA. Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claims.

14. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis supplied).

### Controlling Law on Liquidated Damages

15. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens*

3

*Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act, made doubling discretionary rather than mandatory, by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." Even so, there is still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the exception).

16. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[3] Because Defendant has chosen not to take any action, Defendant has failed to prove either subjective good faith or objective reasonable grounds. Therefore, Huato is entitled to an award of liquidated damages.

### *Attorney's Fees*

17. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

5th Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

18. The 5th Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method consists of multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See, Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)),

19. Here, attorney Josef F. Buenker represents the Plaintiff. Mr. Buenker states that he has Spent nearly 9 hours working on this case. Mr. Buenker states that his reasonable hourly rate is $500 (See Declaration of Josef Buenker attached as Exhibit 2) His requested hourly rate is supported by the declarations of experienced counsel with an intimate knowledge of FLSA practice (Exhibit 3) and by prior orders from Judges of this Court (Exhibit 4).

20. A printout of time spent in relation to this matter is attached to the declaration, and time has been deducted from the actual time spent due to the exercise of billing judgment. Plaintiff seeks payment for 8.9 hours at $500 per hour, for a total of $4,450.00 for attorney time spent prosecuting the case.

## *Costs*

21. Plaintiff also seeks $592 in taxable costs and reasonable expenses, which include the filing fee ($402.00), and costs for service of process ($190.00).

## *Non-Military Status*

22. Plaintiff attaches evidence that the Defendant is not presently serving in the United States armed forces at Exhibit 5.

# V.
# PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully asks the Court to enter the Defendant's default as allowed under Fed. R. Civ. P. 55.

Plaintiff further asks the Court to grant his motion for default judgment and award the following damages:

- $25,650.00 in unpaid wages for Manuel Montalvo;

- $25,650.00 in liquidated damages for Manuel Montalvo;

- $4,450.00 for reasonable and necessary attorney's fees; and

- $592.00 for court costs and reasonable expenses.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

By:  */s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2060 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 6, 2023, a true and correct copy of the foregoing was forwarded to the Defendant in the following manner:

| | |
|---|---|
| Delfino Zacarias-Chable<br>2511 Wentworth Lane<br>Pasadena, Texas 77506 | **Via CMRR AND Regular U.S. Mail** |

*/s/ Josef F. Buenker*
**Josef F. Buenker**